FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THE PERSONNEL DEPARTMENT,
INC.,

      Plaintiff-Counter-Defendant-
      Appellee and Cross-Appellant,

v.

PROFESSIONAL STAFF LEASING
CORPORATION,

      Counter-Claimant-Defendant-
      Appellant and Cross-Appellee,

 and

BALA RAMAMOORTHY,

      Counter-Defendant-
      Appellant and Cross-Appellee.

No. 05-1552
No. 06-1041
(D.C. No. 1:00-CV-01282-JLK)
(D. Colo.)

---

**ORDER**

---

Before **O'BRIEN, BALDOCK**, and **HOLMES**, Circuit Judges.

This appeal and cross-appeal are before the court based on Appellee-Plaintiff The

Personnel Department's motion pursuant to Fed. R. App. P. 37(b) to reform the mandate

to include instructions allowing for post-judgment interest to Plaintiff on the forthcoming

award of prejudgment interest from the date of the original judgment entered by the

district court on August 25, 2005. Also before the court is a timely verified bill of costs pursuant to Fed. R. App. P. 39 from Plaintiff seeking $1,284.40 for costs incurred for producing necessary copies of the briefs and appendices. Appellants-Defendants do not object to either the motion to reform or the verified bill of costs.

In *The Personnel Department v. Professional Staff Leasing Corp.,* 2008 WL 4698479 (10th Cir. Oct. 27, 2008) (unpublished), this court, in relevant part, affirmed the district court's judgment awarding Plaintiff compensatory and punitive damages, reversed the district court order denying Plaintiff's request for prejudgment interest, and remanded for an award of prejudgment interest to Plaintiff. The decision did not contain instructions regarding an award of post-judgment interest on the prejudgment interest award or an award for appeal-related costs.

Upon consideration, Plaintiff's motion to reform the mandate is **GRANTED**. The mandate issued November 18, 2008 is **RECALLED**.

Upon further consideration, Plaintiff's verified bill of costs is **GRANTED** for the total amount of $1,284.40. To the extent reimbursement is sought by Plaintiff for costs taxable in the district court, such as filing fees, Plaintiff may file an appropriate motion in the district court. *See* Fed. R. App. P. 39(e). We conclude that Plaintiff is "the party entitled to costs" within the meaning of that Rule.

This court's October 27, 2008 Order and Judgment is *amended* to instruct the district court to award post-judgment interest to Plaintiff on the award of prejudgment interest from

2

the date of the original August 25, 2005 Judgment and to award $1,284.40 in appeal-related costs to Plaintiff.

A new mandate consistent with this order shall issue forthwith.

Entered for the Court,
Elisabeth A. Shumaker, Clerk

Kathleen T. Clifford
Attorney - Deputy Clerk